IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ROGER JOSE NUNEZ-GALLARDO,

        Petitioner,

v.                                    CIVIL ACTION NO. 2:26-cv-00168

CHRISTOPHER MASON, et al.,

        Respondents.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Petitioner's *Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241* (Document 1), wherein the Petitioner asserted that his detention was unlawful and requested that the Court order his release, the responses to its *Order* (Document 6), including *Chirstopher Mason's Response to Order to Show Cause Concerning Petition for a Writ of Habeas Corpus* (Document 7), the *Respondents' Motion to Exceed Page Limit* (Document 8), and the *Response and Objection to Order to Show Cause* (Document 8-1), as well as all exhibits.

This Court issued an *Order* (Document 6) directing the Respondents to immediately investigate the Petitioner's circumstances and to immediately release the Petitioner to the extent they did not have a good faith basis to assert that they will present arguments not previously considered and rejected by this Court. This Court further ordered the Respondents to file a response indicating whether they have a good faith basis to assert that they will present such arguments, and if none, to notify the Court of the steps taken to facilitate the Petitioner's release together with his personal belongings.

The Court **ORDERS** that the *Respondents' Motion to Exceed Page Limit* (Document 8) be **GRANTED**, that the *Response and Objection to Order to Show Cause* (Document 8-1) be **FILED**, and that the motion to dismiss contained therein be **DENIED**.

The Respondents concede that this case does not present factual or legal issues that would support a different outcome than the Court's prior rulings in *Zakro Roshniashvili v. Toby Allen, et al.*, Civil Action No. 2:26-cv-93, and *Rasul Umarov v. Christopher Mason, et al.*, Civil Action No. 2:26-cv-81.[1]  The Respondents presented no evidence that the Petitioner has a history of violence or serious criminal convictions, that he poses a risk of nonappearance or a danger to the community, or that he has ever been involved in gang activity.  He was detained after a traffic stop, purportedly for speeding, near Ansted, West Virginia, when officers became suspicious that he was unlawfully present in the United States based on his lack of fluency in English.  The Respondents claim that the ICE officers developed probable cause for detention based on records checks, and conversation held on the side of the highway.  The Respondents did not produce a warrant issued for the arrest of the Petitioner prior to his arrest.  Section 1226(a) provides for arrest and detention pending a removal decision "on a warrant issued by the Attorney General."  8 U.S.C. § 1226(a).  The Respondents presented no evidence that an individualized determination regarding whether the Petitioner should be detained or released pending immigration proceedings was ever made, and the documents do not reflect any inquiry into his history, family relationships, risk of nonappearance, or living situation.  Therefore, after careful consideration, the Court adopts the

---

[1] This Court's rulings in those prior cases were consistent with the opinions of the three other judges in this district to consider these issues, as well as the vast majority of judges nationally.  *See, e.g., Antony Segundo Larrazabal-Gonzalez v. Christopher Mason, et al.*, Civ. Action No. 2:26-cv-49, Mem. Op. (S.D. W.Va. Jan. 28, 2026) (Goodwin, J.); *Briceno Solano v. Mason*, No. 2:26-CV-00045, 2026 WL 311624, at *19 (S.D.W. Va. Feb. 4, 2026) (Johnston, J.); *Alberto Jose Simanca Gonzalez v. Carl Aldridge, et al.*, Civ. Action No. 3:26-cv-55, 2026 WL 313476 (S.D. W.Va. February 5, 2026) (Chambers, J.);  *Yuri Jhoana Gutierrez Aroca and Arley Cabrera Valenzuela v. Christopher Mason, et al.*, Civ. Action No. 2:26-cv-57 (S.D. W.Va. Feb. 9, 2026) (Goodwin, J.).

analysis contained in *Roshniashvili* and *Umarov*. For the reasons stated in those prior opinions, the Court finds that it possesses jurisdiction and that the Respondents' detention of the Petitioner without a hearing is unlawful under the Immigration and Nationality Act (INA). In addition, the Court finds, for the reasons stated in *Roshniashvili* and *Umarov*, that the Respondents' detention of the Petitioner violated the Due Process Clause of the Fifth Amendment of the United States Constitution.

The Court finds that the Petitioner has met his burden of establishing that his detention is unlawful. As in prior cases, and consistent with every other judge in this District, the Court finds that release is the appropriate remedy both because it is the traditional remedy in a successful habeas action for unlawful detention and because the evidence presented in this and other cases establishes that the Government would be unlikely to hold a timely bond hearing under procedures that comport with due process.

The Court **ORDERS** that the *Petition* (Document 1) be **GRANTED**. In accordance with this Court's prior *Order*, and to the extent that the Petitioner has not been released by the Respondents, the Court **ORDERS** that the Petitioner be **RELEASED** from custody **immediately** and further **ORDERS** that all of the Petitioner's personal belongings, including identification, work authorization, and any other documentation, be returned to him immediately **upon his release**. The Court **ORDERS** that the Respondents be **PROHIBITED** from re-arresting and detaining the Petitioner pending further order of this Court, except as to any criminal arrest or detention unrelated to immigration.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

                                     ENTER:      March 4, 2026

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

4